# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

No. 12-30630
Summary Calendar

Lyle W. Cayce
Clerk

SHAWN MONAGHAN, Individually and on behalf of their minor children, on behalf of G. R., on behalf of C. R., on behalf of K. M.; MELISSA MONAGHAN, Individually and on behalf of their minor children, on behalf of G. R., on behalf of C. R., on behalf of K. M.,

Plaintiffs-Appellants

v.

UNITED RENTALS (NORTH AMERICA), INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-00627

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal from a summary judgment rendered in favor of Defendant United Rentals (North America), Inc. ("United Rentals") dismissing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30630

Plaintiffs' suit for personal injury arising out of a fall sustained on equipment rented from United Rentals. Finding no error, we affirm.

Plaintiff Shawn Monaghan's employer, Mechanical Insulation, Inc., rented a scissor-lift from Defendant United Rentals. While using the scissor-lift to install insulation materials, Plaintiff fell when a handrail failed, apparently because of missing bolts. Scott Miley ("Miley"), the lead foreman and Plaintiff's supervisor, stated that he had inspected the lift on March 11, 2009, when it was received from the Defendant, that it was in good condition, and that he found no missing bolts in the handrail. Upon inspection, he signed a "Quality Condition Report" to that effect.

Plaintiff's accident happened on April 6, 2009, almost a month after the employer received the lift. Miley testified that iron workers borrowed the lift for "practically a month" and "apparently they altered it."

The district court granted summary judgment for Defendant United Rentals because no summary judgment evidence was produced indicating the lift had defects when it left Defendant's hands, and Defendant produced affirmative evidence that it had no defects when delivered. As the lift was used by other parties for nearly a month after Defendant relinquished control, no inference arises that it was defective when delivered.

Further, while Plaintiff contends that the district court erred in granting summary judgment based on the testimony of Miley because Miley is not credible, the issue presented is not one of credibility, but rather of proof. No evidence presented by Plaintiff contradicted the sworn testimony of Miley or the Quality Condition Report signed by Miley at the time of delivery.

We agree with the district court that no genuine issue of material fact was presented and summary judgment was proper. For the above reasons and the reasons stated by the district court in its careful memorandum ruling of May 10, 2012, the district court's judgment is AFFIRMED.

2